# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVAN COPELIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-18-1157-STE |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,**[1] | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

an unfavorable decision. (TR. 12-31). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that during the relevant time, there existed a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. (TR. 14). At step two, the ALJ determined that Mr. Copelin had the following severe impairments: osteoarthrosis and dysfunction of major joints. (TR. 15). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

At step four, the ALJ concluded that Mr. Copelin retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift/carry 20 pounds occasionally and 10 pounds frequently; can stand/walk, or sit for 6 hours out of an 8-hour workday except the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently stoop, kneel, crouch, or crawl; and frequently perform bilateral handling.

(TR. 56). At the administrative hearing, the ALJ presented this RFC to a vocational expert (VE) to determine whether Plaintiff could perform his past relevant work. (TR. 83) With these limitations, the VE opined that Mr. Copelin was able to perform his past relevant

work as a motor vehicle sales representative. (TR. 83). The ALJ adopted the VE's testimony and concluded that Mr. Copelin was not disabled at step four. (TR. 30).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Mr. Copelin alleges: (1) the ALJ erred in her evaluation of evidence from two examining physicians, (2) the ALJ erred in her evaluation of Plaintiff's subjective allegations, and (3) the RFC lacked substantial evidence. (ECF No. 15:7-12).

## V. THE ALJ'S EVALUATION OF EVIDENCE FROM EXAMINING PHYSICIANS

Mr. Copelin alleges legal error in the ALJ's evaluation of opinions from examining physicians Dr. Karen Perl and Dr. Karl Erwin.

### A. ALJ's Duty to Evaluate Medical Opinions

An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 416.927(d). In determining what weight to accord *any* medical opinion, an ALJ must consider:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) the consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Hamlin*, at 1215, n. 7.; 20 C.F.R. §§ 404.1527(c) & 416.927(c).

Additionally, the ALJ may not selectively review any medical opinion and must provide a proper explanation to support her findings. *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.

1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that the ALJ's reasons stated in evaluating medical opinions must allow for meaningful appellate review).

### B. Evidence from Examining Physicians and the ALJ's Related Findings

On February 20, 2010, Dr. Perl examined Plaintiff in connection with a Worker's Compensation claim. (TR. 369-375). On March 11, 2010, in an initial report regarding the examination, Dr. Perl opined:

- that Mr. Copelin could perform "light" work, which limited him to lifting/carrying no more than 20 pounds, "occasionally;"

- that Plaintiff could sit, stand, and/or walk for no more than 2 hours each day; and

- Plaintiff's workday would be limited to a maximum of 6 hours.

(TR. 369). In a follow-up letter dated March 18, 2010, in response to an inquiry from Plaintiff's employer, Dr. Perl clarified that Plaintiff was limited to "light" work, regardless of his employment status. (TR. 440).

On August 3, 2007, Dr. Erwin examined Mr. Copelin in connection with a Worker's Compensation claim and stated that he:

- retained an ability to perform "light-medium" work and

- demonstrated an ability to sit for 15 minutes, stand for 15 minutes, and intermittently stand, sit, and walk for 30 minutes.

(ECF No. 495).

In the administrative decision, the ALJ summarized the findings from Dr. Perl's March 18, 2010 clarification letter and gave "great weight" to this opinion. (TR. 24, 30). However, the ALJ omitted any discussion of Dr. Perl's initial findings in the March 11, 2010 report. (TR. 20-30, 369-75). The ALJ also summarized the findings from Dr. Erwin's[2] examination, but did not discuss what, if any weight, she had accorded that opinion. (TR. 21).

### C. Harmless Error in the ALJ's Evaluation of Opinion From Dr. Perl

Two pieces of evidence exist from Dr. Perl—her initial report and a "clarification letter" dated one week later. *See* TR. 369-75, 440. The initial report outlined Mr. Copelin's specific work-related limitations and the letter simply clarified that Plaintiff was limited to "light" work. *See* TR. 369-375, 440. In the administrative decision, the ALJ focused only on the letter, and gave "great weight to Dr. Perl's opinion that Plaintiff could do "light work." (TR. 30). But the ALJ omitted any discussion of the findings in Dr. Perl's initial report which stated:

- that Plaintiff could sit, stand, and/or walk for no more than 2 hours each day; and
- Plaintiff's workday would be limited to a maximum of 6 hours.

(TR. 369).

It is well-established that "an ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal quotation marks and brackets omitted).

---

[2] The ALJ attributes Dr. Erwin's findings to a Dr. Kevin Pevey. *See* TR. 21. But the report reveals that Dr. Erwin actually performed the examination, with Dr. Pevey signing off as the supervising physician. *See* TR. 493, 496.

Thus, the ALJ erred in failing to evaluate and weigh Dr. Perl's opinion in full, and to explain her reasons for rejecting portions of that opinion while apparently accepting other portions. *Chapo*, 682 F.3d at 1291-92.

The Commissioner concedes that error occurred, but argues that any error was harmless because: (1) the opinion pre-dated the period of disability and (2) the limitations in Dr. Perl's opinion had expired approximately 17 months before Mr. Copelin's alleged onset date. (ECF No. 17:8-10). Only the Commissioner's second argument has merit.

In *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), the Tenth Circuit Court of Appeals defined its allowance of harmless error in the context of Social Security cases. The Court stated: "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on the material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." An ALJ's failure to discuss and weigh a medical source opinion is harmless error "if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014).

The Commissioner first argues that because Dr. Perl's report pre-dated the alleged onset of disability, the ALJ did not err in failing to consider the limitations contained therein. (ECF No. 17: 8-9). This is not a valid basis on which to ignore a medical opinion. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004) ("While these medical

reports date from an earlier adjudicated period, they are nonetheless part of [the plaintiff's] case record, and should have been considered by the ALJ.").

Second, Defendant argues that the ALJ's failure to consider Dr. Perl's findings in the initial report was harmless because the limitations contained therein had expired in May 2010, well before the alleged onset date of October 2012. (ECF No. 17:8-9). The Court agrees. Even if the ALJ had properly considered Dr. Perl's opinions regarding Plaintiff's 6-hour workday and his abilities to sit, stand, and walk for a maximum of two hours each day, those limitations expired in May 2010, and would, therefore, not be inconsistent with an RFC which began October 29, 2011 and which failed to include such limitations. *See* TR. 369. Thus, in this case, "the right exceptional circumstance" for a harmless error approach exists: the Court can "confidently say that no reasonable administrative factfinder," properly considering the materials from Dr. Perl in conjunction with the rest of the record, "could have resolved [the case] in any other way" than the ALJ did by neglecting those materials. *Allen,* 357 F.3d at 1145.

### D. No Error in in the ALJ's Evaluation of Evidence From Dr. Erwin

Dr. Erwin had examined Mr. Copelin and stated that he demonstrated the ability to sit for 15 minutes, stand for 15 minutes, and intermittently stand, sit and walk for 30 minutes. (ECF No. 495). Plaintiff argues that the ALJ's failure to discuss and weigh these findings from Dr. Erwin constitute legal error. (ECF No. 15:8-9). Defendant argues that no error occurred because Dr. Erwin's statements regarding Plaintiff's abilities to sit,

stand, and walk did not constitute "medical opinions" which triggered the duty of explanation.[3] The Court agrees.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a), 416.927(a). A physician's observations do not constitute "medical opinions" for which the ALJ has a duty to discuss and weigh. See *McDonald v. Astrue*, 492 F. App'x 875, 884 (10th Cir. 2012).

Dr. Erwin noted that Plaintiff demonstrated the ability to sit for 15 minutes, stand for 15 minutes, and intermittently stand, sit and walk for 30 minutes. (ECF No. 495). But Dr. Erwin did not render a "medical opinion" and state that Plaintiff was restricted to such limitations while working. (TR. 495). Accordingly, no error occurred by the ALJ's failure to expressly discuss and weigh this portion of Dr. Erwin's report. See *McDonald*, 492 F. App'x 875, 884 (10th Cir. 2012) (no error in the ALJ's failure to weigh records which reflected clinician's "observations of [the claimant's] symptoms" because such did not meet the regulatory definition of a "medical opinion.").

## VI. THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Mr. Copelin alleges error in the ALJ's evaluation of Plaintiff's subjective allegations regarding his abilities to stand and/or walk. (ECF No. 15:9-11). The Court agrees.

---

[3] The Commissioner also argues that no error occurred because the evidence from Dr. Erwin pre-dated the period of disability. (ECF No. 17: 11). But that argument is irrelevant, in light of the fact that the evidence did not constitute a "medical opinion."

## A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to consider a claimant's symptoms and determine the extent to which the symptoms are consistent with the evidence in the record. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At step two, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

10

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B. Error in the ALJ's Consideration of Plaintiff's Subjective Allegations

At issue are Plaintiff's allegations concerning his limitations caused by prolonged standing and/or walking. (ECF No. 15:10). At the hearing, Mr. Copelin testified:

- he could "be up on [his] feet moving around" for about an hour before experiencing significant pain;

- prolonged sitting caused his left foot to go numb, which resulted in difficulty standing;

- "transitional movement"—i.e. moving from sitting to standing—was very painful;

- his left-sided limp and lack of strength limited his ability to do household chores to only 15 minutes at one time;

- when he shops for groceries, he uses the cart for support and still experiences pain; and

- he quit going to church because the pews were too uncomfortable to sit in and the slanted floors were too uncomfortable to stand on.

(TR. 54, 56-58, 62-63).

In formulating the RFC, the ALJ: (1) stated that she had considered Mr. Copelin's subjective allegations, (2) set forth the two-step framework under SSR 16-3p, and (3) concluded that "the evidence generally does not support the alleged loss of functioning."

11

(TR. 16-17). The ALJ then spent 12 pages summarizing Plaintiff's testimony and the medical evidence, and concluded:

> The undersigned has considered the claimant's complaints but finds that the allegations of significant limitations in the ability to perform basic work related activities is not consistent to the extent alleged…. Although the claimant alleges disability because of back, hand, and elbow problems, he has testified and described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.

(TR. 28-29).

By means of explanation, the ALJ listed 33 things that pertained to Plaintiff's daily life—either activities he engaged in or areas where he was limited. (TR. 29). For example, the ALJ noted that Plaintiff leaned against a wall to put his pants on, showered, prepared breakfast on Sunday, tied his shoes, checked the news and social media, and rarely went to Karaoke. (TR. 29). For two reasons, the ALJ's evaluation of Mr. Copelin's subjective complaints was insufficient.

First, the ALJ failed to explain how any of the 33 "daily activities" supported her conclusion that Plaintiff's allegations were not "consistent to the extent alleged." Although an ALJ may properly consider activities of daily living in evaluating a claimant's subjective allegations,[4] the ALJ merely recited this evidence without specifically commenting on or explaining how that evidence was inconsistent with Plaintiff's subjective complaints. Nor is the ALJ's reasoning self-evident. Mr. Copelin's ability to "watch television while resting his back" or "pick up coins" does not clearly contrast with his subjective complaints of pain and numbness associated with prolonged sitting and/or standing. In short, the ALJ

---

[4] *See supra*, SSR 16-3p.

12

merely recited evidence, without comment or adequate explanation as to how that evidence was consistent or inconsistent with Plaintiff's claims of pain. Under Tenth Circuit law, this constitutes reversible error. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("[T]he link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion."); *Brownrigg v. Berryhill*, 688 F. App'x 542, 546 (10th Cir. 2017) (reversing and remanding for further explanation of reasons where ALJ examined some objective medical evidence; discussed failure to carry a cane at appointment; and discussed claimant's post-surgery statements, but failed to address other factors relevant to pain analysis).

Second, the ALJ *only* relied on Plaintiff's activities of daily living to discount his subjective complaints. It is well-established that a claimant's activities of daily living do not, by themselves, determine the claimant's ability to work. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity.") (alteration and internal quotation marks omitted); *accord Gossett v. Brown*, 862 F.2d 802, 807 (10th Cir. 1988) ("[E]vidence that a claimant engages in limited activities ... does not establish that the claimant can engage in light or sedentary work activity.").

In sum, the ALJ's recitation of the proper standard and her summary of Plaintiff's daily activities was insufficient to fulfill her legal duties under SSR 16-3p. Although the ALJ summarized Plaintiff's testimony, his daily activities, and the medical evidence, reliance on Mr. Copelin's daily activities alone was improper and the ALJ did not explain how these activities were inconsistent with Plaintiff's testimony. *See* TR. 28-29; *Wilson v.*

*Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (explaining that ALJ is required to closely and affirmatively link credibility findings to substantial evidence in the record and to "articulate specific reasons" for such findings). Instead, the ALJ simply recited evidence from the record and did not provide any insight into how that evidence had impacted her determination of Plaintiff's allegations. Such conclusory findings are insufficient and remand is warranted.

## VII. PLAINTIFF'S REMAINING ALLEGATION

Mr. Copelin has also alleged that the RFC lacked substantial evidence. (ECF No. 15:11-12). But because this issue may be affected following the remand for a proper analysis of Plaintiff's subjective allegations, the Court will decline adjudication of the same. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 15, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE